# BRYAN v. CURTIS.

FOREIGN EXECUTORS AND ADMINISTRATORS; PARTIES; COURTS; JURISDICTION.

1. An administrator or executor cannot sue or be sued in his representative character in any other jurisdiction than the one of his appointment, unless there is express statutory provision permitting such suit, by the legislative power of the jurisdiction in which the suit is sought to be maintained. (Following *Plumb* v. *Bateman*, 2 App. D. C. 156.)

2. The right given to a foreign executor or administrator by sec. 329, D. C. Code, 31 Stat. at L. 1242, chap. 854, to bring suit in this District, does not imply that such an executor or administrator may be sued here.

3. In a suit against the Secretary of the Treasury by the trustee in bankruptcy of a deceased plaintiff in a suit in the court of claims, to restrain the payment of a judgment of that court in favor of the administratrix of the decedent, such administratrix is a proper party. (Following *Bryan* v. *Curtis*, 26 App. D. C. 95.)

4. The courts of this District will not take jurisdiction of a suit brought here by the foreign trustee in bankruptcy of a deceased plaintiff in a suit in the court of claims, against the Secretary of the Treasury and the foreign administratrix of the decedent, and determine whether the trustee or the administratrix is entitled to the proceeds of a judgment by that court, that being a question for the determination of the courts from which the parties derived their authority to act.

No. 1776. Submitted December 13, 1907. Decided January 7, 1908.

HEARING on an appeal by the complainant from a decree of the Supreme Court of the District of Columbia sustaining a demurrer to and dismissing an original bill for an injunction and an amended bill.                    *Affirmed.*

The COURT in the opinion stated the facts as follows:

This suit was brought in the supreme court of the District of Columbia, sitting in equity, by the appellant, Morgan Bryan, plaintiff below, as trustee in bankruptcy of the estate of William R. Curtis, against Alice V. Curtis, administratrix of the estate of William R. Curtis, and Leslie M. Shaw, Secretary of the Treasury, defendants, on May 31, 1904.

The bill alleges that William R. Curtis filed two suits in the court of claims of the United States, under the act of Congress approved March 3, 1893, to recover for depredations committed by the Comanche Indians. On May 17, 1899, the said Curtis, a resident of the State of Texas, was duly adjudged a bankrupt in the course of proceedings instituted in the United States district court for the northern district of Texas, and the plaintiff, Bryan, was appointed trustee of his estate. After the proceedings in bankruptcy had been instituted, Curtis died intestate, and the defendant, Alice V. Curtis, was duly appointed administratrix of his estate by the county court of Clay county, Texas, where Curtis resided at the time of his death.

On March 29, 1902, Alice V. Curtis, as administratrix, was substituted as the party plaintiff, instead of William R. Curtis, in the cases then pending in the court of claims. On June 1st, 1903, before the determination of the suits by the court of claims, the plaintiff filed in each of said suits certified copies of the order appointing him trustee in bankruptcy, and of his bond given in the bankruptcy proceedings, at the same time notifying counsel for the plaintiff in said suits of the filing of the same. It appears that no notice of the filing of the order and bond in the bankruptcy proceedings was taken by the court of claims, and judgment was rendered in each case in favor of

the defendant as administratrix. The portion of said judgments adjudged by the court of claims to be due to the administratrix, excluding the sum adjudged to the plaintiff's attorneys as fees, amounted to the sum of $5,686. On April 19, 1904, plaintiff filed a petition in said cases in the court of claims, setting up the proceedings in bankruptcy, and asked that the judgments be reopened and that he be substituted, instead of William R. Curtis, to the exclusion of said administratrix, and that the judgments be rendered in his favor as trustee. The court of claims declined to reopen the judgments, and on April 27, 1904, Congress appropriated money for the payment of said judgments, among others, instructing the Secretary of the Treasury to pay the same out of any moneys in the Treasury not otherwise appropriated.

The bill further alleges that by virtue of the proceedings in bankruptcy all the right, title, and interest of the said William R. Curtis in and to the said Indian claims, and the judgments that might be rendered therefor, passed to, and vested in, the plaintiff as trustee, and that the appointment of the administratrix vested no title in her and gave her no right to collect the said judgments. The plaintiff prayed that the defendants be made parties, and that the Secretary of the Treasury be restrained from making payment to said administratrix, and that the plaintiff be decreed to be entitled to collect and receive the payment of said judgments, to be administered according to the provisions of the bankrupt act; that the Secretary of the Treasury be authorized and directed to pay to the plaintiff the full amount of said judgments, and that the defendant administratrix, her attorneys and agents, be forever restrained and enjoined from collecting and receiving the same.

A demurrer was filed by the defendant Shaw on the grounds, first, of want of equity in the bill, second, that he could not be sued as an officer of the United States, and, third, that the defendant Alice V. Curtis is shown to be a resident of the State of Texas, and there is no averment that she has any property or credits in the District of Columbia other than the judgments in question. In answer to the rule to show cause why the injunc-

tion should not issue, defendant set up the proceedings in the court of claims and the nonresidence of the said administratrix, with the consequent want of jurisdiction over her and the subject-matter in controversy. An amendment to the bill alleges the residence of the administratrix to be in the State of Texas, and asks for an order of publication against her. The appointment of a receiver was also prayed for, which was allowed, and a receiver was appointed. The order of publication was granted, but no restraining order seems to have been issued.

Alice V. Curtis, administratrix, specially appeared for the purpose of objecting to the jurisdiction of the court, and her verified motion alleges the fact concerning her residence and administration in Texas and that she had never taken out letters of administration in the District of Columbia. This motion was denied, and she was given leave to plead to the bill of complaint. On March 9, 1906, she filed her separate demurrer and answer, appearing specially and reserving her objection to the jurisdiction of the court. She alleged in her answer, among other things, that she had not been found or served with process in the District of Columbia, and that she was sued in her official capacity, as administratrix of the estate of William R. Curtis, deceased, by virtue of the appointment of the county court in and for Clay county, State of Texas, the place of domicil of said intestate at the time of his death. She denied the right of the plaintiff to bring suit against her, as such foreign administratrix, in the courts of the District of Columbia. She answered at length the allegations of the bill, admitting substantially the proceedings alleged to have been had in the court of claims, alleging the title to the fund here in controversy to be in her, and not in the plaintiff, as trustee in bankruptcy, alleging that the plaintiff, as trustee in bankruptcy, acquired no right, title, or interest in the subject-matter embraced in the bill, either under the provisions of the bankruptcy act or the several amendments thereto. The further allegations of the answer are not material to the present inquiry.

*Mr. George E. Hamilton, Mr. Michael J. Colbert, Mr. John W. Yerkes,* and *Mr. John J. Hamilton,* for the appellant:

On the hearing, the court sustained the demurrer, and entered a final decree vacating the order appointing a receiver and dismissing the original and amended bills of complaint, with costs. From this judgment the plaintiff has appealed to this court.

No accounting of any character is asked for against the administratrix, and no affirmative relief against her is sought. The suit is in its nature a suit *in rem* against the fund admitted to be in the hands of the Secretary of the Treasury, and the claim is made that by operation of law the title to that fund became vested in the trustee in bankruptcy during the lifetime of William R. Curtis, and that his administratrix obtained no title thereto under her appointment as such, has no title now, and is not entitled to receive the same or any portion thereof. It may be admitted for sake of argument that she is a necessary party to this suit, because of her action in having herself substituted as claimant in the cases pending in the court of claims, and because the appropriation by Congress to pay the claim refers to the judgment as being entered in her favor as administratrix. But the mere entry of judgment in the court of claims in her favor as administratrix, and of an appropriation by Congress to pay that claim, do not of themselves confer any title upon her, and she is made a party to the suit simply because we find her here demanding possession of the fund. *Patterson* v. *Buchanan,* 92 Md. 334, Affirmed in 190 U. S. 353.

There is no conflict in this case between administrators appointed by courts of different jurisdictions; nor is there any attempt to compel an accounting from a foreign administratrix, and none was necessary, because it appears that she has never received the fund in controversy.

The defendants contend that because the defendant Curtis is a foreign administratrix she cannot be sued in this jurisdiction for any purpose, and they cite in support of that contention the following cases: *Vaughan* v. *Northup,* 15 Peters, 1; *Wy-*

*man* v. *Halstead,* 109 U. S. 654; *Coit's Estate,* 3 App. D. C. 246; *King* v. *United States,* 27 Ct. Cl. 529, and one or two others; but upon an examination of the facts in those cases it will be found that none of them touch the issue raised in this case, and cannot be considered as authority in point for that reason. They all turn upon the jurisdiction of the court to appoint an administrator for a nonresident decedent, for the purpose of collecting funds in this jurisdiction from the government, or to compel an accounting in this jurisdiction, by a foreign administrator, of funds already collected by him in his official capacity. In the case at bar there is no question of administration or of accountability of an administrator at issue. The case involves simply the question as to whether under the bankrupt proceedings the title to these claims became vested in the trustee, and whether, by reason of holding title, he has the right to the possession of said fund at this time to the exclusion of all other claimants. An examination of the authorities will disclose the fact that there are many exceptions to the general rule that a foreign administrator cannot be sued, and that the courts may compel a foreign administrator to account for funds received by him in his representative capacity whenever such action is necessary to prevent a failure of justice, and under such circumstances he is considered as holding the fund as a trustee, rather than as an executor or an administrator. 18 Cyc. Law & Proc. p. 1245; *Brown* v. *Brown,* 1 Barb. Ch. 189; *McNamara* v. *Dwyer,* 7 Paige, 239; *Devlin* v. *Roussel,* 36 App. Div. 87. If a foreign executor comes into another State, and brings with him funds or property belonging to the estate, he may be held to account in equity to that extent, not in the character of executor or administrator, but as a trustee for those entitled to the effects in his hands. *Van Bokkelen* v. *Cook,* 5 Sawy. 587; *Brownlee* v. *Lockwood,* 20 N. J. Eq. 255; *Tunstall* v. *Pollard,* 11 Leigh, 1; *Atchison* v. *Linsey,* 6 B. Mon. 86; *Alger* v. *Alger,* 31 Hun, 471; *Brown* v. *Knapp,* 79 N. Y. 136; *Hussey* v. *Sargent,* 116 N. Y. 74; *Allsup* v. *Allsup,* 10 Yerg. 283.

*Mr. A. A. Hoehling, Jr.,* for the appellee Curtis.

*Mr. Daniel W. Baker,* United States Attorney for the District of Columbia, and *Mr. Jesse C. Adkins,* Assistant, for the appellee the Secretary of the Treasury.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

At the very threshold of this inquiry we are confronted with a question of jurisdiction, which, we think, conclusively disposes of the appeal. The defendant Curtis, as administratrix, was authorized under the act of Congress (26 Stat. at L. 851, chap. 538, U. S. Comp. Stat. 1901, p. 758) to prosecute the claims of her deceased husband to judgment in the court of claims by virtue of letters of administration issued to her by the county court of Clay county, Texas. No probate proceedings were had in the District of Columbia, ancillary or otherwise, to enable her to prosecute these suits, and none were necessary.

It is well settled in this country that an administrator or executor cannot sue or be sued in his representative capacity in any other jurisdiction than the one of his appointment, except where it is permitted by the laws of the jurisdiction in which the suit is sought to be maintained. *Vaughan* v. *Northup,* 15 Pet. 1, 10 L. ed. 639. In *Plumb* v. *Bateman,* 2 App. D. C. 156, adopting the rule announced by the Supreme Court of the United States in an unbroken line of decision, this court said: "An executor or administrator is neither entitled to sue nor liable to be sued outside of the jurisdiction which has conferred his authority upon him and to the courts of which alone he is amenable, unless there is express statutory provision to permit such suit, by the legislative power of the jurisdiction where the suit is sought to be maintained."

Sec. 329 of the Revised Code of the District of Columbia [31 Stat. at L. 1242, chap. 854] provides that an administrator or executor acting under letters of administration from a competent court of a foreign jurisdiction may bring suit in the District of Columbia by virtue of that authority alone. This right, however, of a foreign administrator or executor to sue in

the District, does not imply, in the absence of statutory authority, that suit can be maintained in the courts of the District against such administrator or executor. It has been held, both by this court and the Supreme Court of the United States, in a number of instances, that an administrator or executor acting under such authority cannot be sued in the District of Columbia. This is in accord with the well-settled rule of law that executors and administrators are accountable only to the forum of administration. Of equal force is the rule that an "administrator is exclusively bound to account for all the assets which he receives, under and in virtue of his administration, to the proper tribunals of the government from which he derives his authority, and the tribunals of other States have no right to interfere with or to control the application of those assets according to the *lex loci." Vaughan* v. *Northup,* supra.

In the present case it is contended by counsel for plaintiff that the title to the funds in the Treasury, appropriated for the payment of the judgments rendered by the court of claims, by operation of law became vested in the trustee in bankruptcy during the lifetime of William R. Curtis, and that the defendant, under her appointment as administratrix, acquired no title thereto, and is not entitled to receive the same. In other words, it is contended that this is a suit only for the possession of the funds. By the act of Congress making the necessary appropriation, the Secretary of the Treasury holds this money with direction to pay it to the defendant Curtis, as administratrix, in satisfaction of judgments in her favor rendered by a court of competent jurisdiction. Plaintiff, as trustee in bankruptcy, derives whatever authority he may have to contest the question of possession from the order of the court appointing him as such trustee. Defendant Curtis, as administratrix, is insisting that by virtue of the letters of administration issued to her by the county court of Clay county, Texas, as the legal representative of the intestate, William R. Curtis, title to the judgments and the proceeds thereof is vested in her. It is not apparent just how the right of possession can be here decided, without first determining in whom title is vested. The problem of

title lies at the very basis of this controversy. It is therefore a matter peculiarly belonging to the tribunals from which the respective parties derive their authority to appear and assert title to the funds in question. The plaintiff failed to intervene in the court of claims, and allowed the judgments to run in favor of the administratrix. The fund therefore has become so far identified as part of the intestate's estate, of which she is the legal representative, that no individual creditor, or trustee in bankruptcy representing all the creditors of the bankrupt's estate, is entitled to receive it, except upon a decree, entered by a court of competent jurisdiction, in an action to which the administratrix has been properly made a party. That Alice V. Curtis, as administratrix, is a proper party defendant in an action such as is here sought to be maintained has been practically settled by this court at the former hearing of this case,— *Bryan* v. *Curtis,* 26 App. D. C. 95,—in which the cause was remanded for the express purpose of having the administratrix made a party defendant, and of giving her an opportunity to raise the question here being considered. In the opinion in that case, the court said: "While the administratrix has the full benefit of the dismissal of the bill, she is not in a situation to be concluded by the present determination of these questions. At the same time their determination would seriously affect her interests if adverse thereto. The situation is analogous to that where an appellate court finds that an indispensable person whose interests are directly involved has never been made a party to the proceeding. In such cases, the rule is to reverse and remand the cause in order that the defect may be cured." The proposition that a person in whose favor a judgment has been rendered is not a proper party defendant in a suit brought to deprive him of the proceeds of his judgment is one to which we cannot subscribe.

It may be suggested that neither of the parties can lose any rights by the refusal of the courts of the District of Columbia to take jurisdiction of this controversy. The agency through which the proceeds of the judgments are conveyed from the Treasury to the court will have no material bearing upon the

final adjudication of the rights of the parties. Any question as to the title to the money derived from these judgments can be properly litigated and settled in the courts from which the parties derive their authority to be heard. No failure of justice can be anticipated that calls for judicial interference. Hence, any attempt on the part of the courts of the District of Columbia to decree the right to possession of the proceeds of these judgments, or even to direct to whom the judgments should be paid, would be an unwarranted interference with the tribunals of another government.

The suggestion made at bar, that if the proceeds of these judgments should be paid over to the administratrix the money may be dissipated and no opportunity afforded the plaintiff to acquire possession of it in Texas, is without merit. This court will not assume that the court from which defendant derived her authority to bring suit and secure the judgments in question has failed to perform its duty. It is to be presumed that the court before granting letters of administration required an undertaking from the defendant sufficient to secure the safe return of any amount that might be realized from the judgments. It may be suggested that if plaintiff's fears in this respect are well founded, the Texas court is the proper place to apply for relief, and not here.

It is unnecessary to inquire into the other questions raised by the appeal.                 *Judgment affirmed.* with costs.